**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-6080

---

JEROME ANTONIO DOSS,

Petitioner - Appellant,

versus

WARDEN, NOTTOWAY CORRECTIONAL CENTER,

Respondent - Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (CA-03-363)

---

Submitted: October 14, 2004      Decided: October 19, 2004

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Jerome Antonio Doss, Appellant Pro Se. Paul Christopher Galanides, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerome Antonio Doss seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).[1] This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on October 31, 2003. The notice of appeal was filed on December 22, 2003.[2] Because Doss failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

[1]Even if Doss's notice of appeal is construed as a motion to reopen, Doss failed to file his notice of appeal within seven days of the date he received the judgment. See Fed. R. App. P. 4(a)(6).

[2]For the purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P.4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
